Good morning, Todd Master for the Appellants. I don't want to rehash all the arguments that we've set forth in our briefs, but I would like to focus on a few of what I consider some of the more important points that establish that this is the exact type of case where the Qualified Immunity Doctrine or the Good Faith Doctrine should apply. Before you get into this, I just have one question. You have served, in addition to the police officers, the fellow that went out to collect or to repossess the car as well as his company and so forth. Assuming that you would be successful here, what happens to their case? They're not state-actioned people, so where are they? I don't know what would happen with their case, Your Honor. The focus of the city and the They're not actually up here on appeal. No, they're not, Your Honor. This is an appeal of the district court's denial of the city and the police officers' motion for summary judgment on the qualified immunity issue. Okay. But the trial court didn't rule on a motion to dismiss against these people? My guess, Your Honor, no. The answer is no to that question. My guess would be that that would be something that would come up subsequent to a ruling by this Court on the city and the police officers' motion. That's before the Court. Well, all right. Thank you. Okay. Is the district court's decision fact-based? Your Honor, I think that if the decision Wouldn't you start with a yes or no or I can't say? Yes, it is. And it's also supported by the Harris case, which the Court relied on. The district court indicated that there was a dispute of fact in terms of what had occurred prior to the police officers showing up at the scene. If it's fact-based, do we have jurisdiction? Yes, you do, Your Honor. Why? The reason is because in terms of qualified immunity, the city's argument, the police officers' contention here is that regardless of the veracity of any of the arguments of any of the parties as to what happened prior to the police officers showing up, qualified immunity is proper here. Because we have to look at the circumstances that the officers were faced with. These were circumstances that they didn't create themselves. My understanding of Supreme Court precedent is that if the district court says in response to a motion for summary judgment by those claiming qualified immunity, essentially, I can't, as a district trial court judge, decide this because the facts are not clear enough for me. I'm going to let the case proceed to a point where I can, that we lack jurisdiction to do that, to review that. Well, Your Honor. Isn't that the law? I believe that's correct, Your Honor. But the district court indicated that there was focus on the fact that the plaintiffs had claimed that there was a dispute as to whether or not Mr. Bruno, the repossessor, had gained entry to the vehicle prior to the police arriving. Our argument here is that regardless of whether or not that is true, whether or not it is false, the police officers, the circumstances they were faced with, the one thing that's undisputed here is what happened after the officers arrived at the scene. Let's suppose, let's take the best case for the plaintiffs' facts and assume that there's a violation of the Constitution. Do we have clearly established law here such that your clients are not protected by qualified immunity? No. There is no clearly established law. The law that the district court relied on was the Harris case and the Commercial Code 9609, I believe it was. That case is clearly distinguishable from the instant case before the court. Our case involves officers responding to a 911 call of a reported assault and battery. The Harris case, that is the case relied on by the district court, focuses on preventative measures. Officers standing by, going with the repossessor, actually affecting the repossession, standing by, making sure that there's no breach of the peace. The officers from Redwood City arrived, and the only reason they were there, they were not there because of the repossession. They were there responding to a call of a disturbance, a physical disturbance. They had no – their duty and obligation was to investigate that. They had no other – there was no way that they could leave the scene. They had to resolve their particular issue. That is completely different. Yeah, they could have resolved it by telling the bounty hunter, this car repossessor, to leave himself and leave this woman's car there, right? Well, if they would have – They had the authority to do that, didn't they? Well, yes, but if they would have done that, then they would have – they were kind of between a rock and a hard place here. If they were to tell – There's no rock and there's no hard place if the allegations are true. All they had to do was tell to the repossessor, look it, we've done this before, we've been through this before, the law is once there's this kind of dispute, you can't take that car until you have a court order. So go to court, give her notice. If you get an order, we'll come out with you and let you take the car, but we're not going to let you take the car now. What's wrong with that? Well, Your Honor, what's wrong with that is that they would still be making a decision into a civil matter that they don't have jurisdiction on. That is the rock and the hard place that they're involved in. But didn't they say by letting him take the car? They weren't the ones who let him take the car. I think that's what needs to be clarified here. What happened here is we have an individual who is claiming that he was assaulted, wants to make a citizen's arrest against the plaintiffs, okay? That being said, the police officers have no duty – their only duty there is to take them into custody to effect that arrest. They have to do that. There's no other way around that. Mr. Bruno provides this other option, okay? And that, obviously, we've discussed in the brief, let him take the car. Would he do a clean negotiation on the scene? The officers didn't. That was Mr. Bruno who gave him that option. The officers didn't make the decision. If the officers would have made the decision, there would have been no option. It would have been simply, as you said, Mr. Bruno, you can't take the car. That would be potentially exposing these officers to potential liability from Mr. Bruno and the repossession company if indeed the facts were to come out that he had actually entered the vehicle prior to a breach of the peace pursuant to the business and professions code. That way they would be subject to potential liability from Mr. Bruno. But that's not what happened. Does anybody say that that's what happened? I'm sorry, Your Honor. That he entered the car before there was a breach of the peace? Mr. Bruno said that. She disputes it, doesn't the plaintiff dispute that? That's right. That's right. Isn't that another reason to not let this case get resolved on summary judgment? No, it isn't, Your Honor. And the reason why is because you have officers arriving at the scene looking at all the circumstances, talking with the different people, making judgments. Qualified immunity allows for mistaken judgments if they're reasonable. This is a reasonable judgment that was made by the officers to think about the situation at hand. Do we arrest everybody? Is that what we want police officers to do, show up, just arrest everybody, bring them down to jail? That's not what we want them to do. We want them to be able to restore the peace in a reasonable fashion. Okay. Qualified immunity. There are cases on point that I've cited in my brief. What would have placed them under the obligation to arrest either of the participants? Penal Code Section 142, Your Honor. They don't have the discretion not to arrest? Penal Code 142, we're dealing with a citizen's arrest, which is Penal Code Section 837. Okay. Penal Code 142 indicates and mandates that police officers take into custody anyone that they receive pursuant to a citizen's arrest. If they don't, they're subject to a felony. They're subject to imprisonment. That's the situation at hand. And if there are no further questions, I'd like to reserve some time for that. Well, what happened here, as I understand the record, is that the police officer, Keith, said, you either give Bruno the car or we're going to arrest you. And so she acquiesced to that, and Bruno took the car. Well, that's just contrary to what Judge Hawkins has suggested, that that ought to be worked out in court. Your Honor, respectfully, that was the officers relaying a message from Mr. Bruno, who was the one who came up with the idea in terms of I want to ---- The plaintiff's allegations are true. The police officers became an arm of this guy's effort to get this car? No. No. No. Because if plaintiffs ---- Are you disputing that this was said? No. Not at all. What happened was Mr. Officer O'Keefe, and it's undisputed, if you look at the testimony from the plaintiffs, it's undisputed that they knew that Bruno was the one, Mr. Bruno was the one providing these options. The officers were simply the messenger here. And by way of being the messenger, you know, this is what they're faced with. Did Bruno have the right to take that car? Yes. It's undisputed he had the authority to repossess the vehicle. Well, did he serve papers? He just came out and said, you're behind on your payments, I'm taking the car. Now, there are a lot more facts that are not before the court. It's undisputed that the repossession agency had authority to repossess the vehicle. And, in fact, Mr. Bruno showed the officers documentation which referenced the fact, and that's another circumstance the officers are faced with. Okay. You want to reserve some time? Yes, Your Honor. Thank you. Thank you. Mr. Powell? Good morning to this Court. Robert Powell on behalf of the plaintiffs. Given the Court's apparent very good grasp of the fact that this is a factual dispute when it comes right down to the third prong of the qualified immunity analysis, because I don't think I need to spend a lot of time explaining that there was a constitutional violation of a clearly established right to keep your property. It's based on the Fourth Amendment. It's been straightened out for years. But the clearly established law has to be that the officers have to know at the time that they're doing it that they're violating the law. Right. And I think the questions that went to Mr. Master go to whether or not there are still disputes of fact as to what the officers said to Ms. Myers that have a bearing on the officers' participation in the whole repossession scheme. Right. And I think those comments by the officers and the conversations between the plaintiffs and the defendants that evening both go to whether or not there was a clearly established right violated and whether or not there is qualified immunity because a reasonable officer could have done what they had done. And what I'm saying is that no reasonable officer could have done what they have done. There is a dispute of material fact as to whether it was a mediation, which is what the appellant is pushing on the Court, is that, well, this was just a mediation of a dispute. And the clear factual testimony from my clients that, no, this was a threat. You were commanded to give the keys. On page 14 of our brief, we cite to the transcript portion where she was commanded to give her keys over. The Court is also, I believe, completely correct that this is a fact-based decision. I was unaware of that, Supreme Court President, at the time we briefed this, that that is an issue that the Supreme Court has decided if it's fact-based and the appellate court doesn't have jurisdiction, it has to proceed forward. That's the Jones case. But the Supreme Court has said, and I don't think Jones applies here, the Supreme Court says that you take the facts. It isn't a factual dispute. It's a question of what the plaintiff has said. You take those facts as being true. That's the law of this circuit. That's the law of the Supreme Court. You take the facts that the plaintiff has said to be true. And assuming then, is there a constitutional violation? And secondly, does that violate clearly established law? And that's the test that we have to look at. And I think we've met all three prongs, Your Honor. I think they're all there in order to defeat a qualified immunity claim. I mean, I think it's a very clearly established right has been violated, a right to property, and it's not a specific right. I noticed in the brief they say that it has to be exactly an exact case on the exact same facts. And the Court's well aware that's not the case. It has to be a right, the contours of which are visible enough that you could know that you're violating someone's rights and clearly depriving someone of their property under threat of incarceration is the violation of a right. But what's the clearly established law? Fourth Amendment right to your property, to not have deprivation of your property. So this is an open and notorious violation of the Fourth Amendment? I believe it clearly is. Are you claiming that this is a violation of what? The search and seizure provision of the Fourth Amendment? Or are you claiming that this is a violation of the Due Process Clause of the Fourteenth Amendment? It's a violation of both. We've cited both in our brief because that's exactly what happened. Her property was taken and there was no due process, no substantive due process in the taking of her car. Even though the officers never came into physical possession of the car? No. There's still a search and seizure under the Fourth Amendment? Right. In this Court, the Ninth Circuit and Johnson v. Duffy has never said that they have to actually be the ones who receive the property. They've participated in it, just like the Harris Court goes through and discusses quite a bit of precedent on the issue. It's not necessary that the police officer went over to the car, drove it off the property. That's not necessary. If they actively participated in the car, in the repossession of the car, then they are liable. The third prong is a factual dispute, and I think that means that they do not meet the third prong for purposes of summary judgment. Mr. Powell, did I understand you to say that the plaintiffs, that the officers ordered the plaintiffs to let Bruno take the car? Yes. Well, they ordered her to give them the keys or they were going to arrest her. And if that answers the Court's question on that, I want to point out that the representations throughout the brief and made here today that they are under a duty to arrest are not accurate, and the officers themselves testified to that. They talked about, in page 33 of Dowden's deposition, that he has other options than actually arresting someone. He can cite and release someone. He also describes the issue of whether or not he has to arrest as debatable. And I can give you the citation on that, too. That's page 129 of his deposition. It actually starts a little bit on 128, and he talks about it as being debatable. So this argument throughout the briefs in here today that you have to take someone into custody is not apparently what these officers believed. And I think that they simply cannot defeat the fact that there is a material, factual dispute as to whether or not they were mediating something in some reasonable fashion or they were telling someone, you give that man that car or we're going to take you to jail. And I think the Court understands what we've said in the brief. You could have come. You could have arrested everyone. That would have been fine. Nobody would have ñ if they were pressing for citizen arrest, you could have taken them. Nobody could complain. But you can't do what you did here, and that's use your authority as a State actor to essentially coerce my client giving up that vehicle. I think we understand your argument. Thank you, Your Honor. May I ask you, is Bruno on this appeal? You're just representing the plaintiffs, right? Right. And I should probably ñ the question you asked earlier is, my understanding is we had agreed to a stay, which you may not be aware of, of the trial court proceeding while we went ahead with this appeal. And if we were to lose, the plaintiffs were to lose, they were to be out, obviously the State court causes of action would be up to the district court whether they're going to remand to the State court or go ahead and, I doubt, have the trial. Well, it may be that Bruno and his company have utilized State action through the officers. Yeah. It certainly has crossed our mind, Your Honor. But we just didn't think we had enough under the circumstances to make that plea. That's your argument down below. Yeah. Thank you. Thank you. Counsel? Thank you, Your Honor. I just wanted to clarify a couple of points. Number one, the duty the officers have to investigate. They have a duty to take into custody under the penal code, section 142, regardless of any testimony. That's what they're required to do. Secondly, Mr. Powell misconstrues the law here in terms of why there was a threatened arrest. The threatened arrest had to deal with the citizen's arrest. It had nothing to do with the officers arresting them. They weren't recipient witnesses. They don't have authority to arrest anybody if they don't perceive something like that. They're taking somebody into custody pursuant to the penal code. Okay. Thank you very much. I just want to ask you, and this has always been confusing to me, on clearly established law, showing a violation of clearly established law, as I understand it, the Supreme Court says we're talking about Supreme Court law, not the circuit's law, but the Supreme Court's law. And is there a Supreme Court case that establishes the rights here of the officers? I'm not aware of any, Your Honor. The only case that's referenced is the Harris case, which is clearly distinguishable and on completely different facts. Well, that's a circuit case. That's right, Your Honor. But I think you'll find in these dossiers or one of those cases that they say when we talk about clearly established law, we're talking about our law, the Supreme Court's law. Well, that's right, Your Honor. And it's also, I think, as Your Honor indicated, there has to be a clearly established law, a generic indication that it's a violation of Fourth Amendment. That's not enough, because you have to be able to give the police officers notice that what they're doing might be a violation, and that's not what the officers had here when they were trying to deal with this criminal situation. Okay. Thank you very much. Thank both sides for their argument. The case just argued will be submitted for decision, and we'll proceed to the United States against Chavez-Regalado. Counselor, present if they'll come forward, please. Good morning, Your Honors.
judges: Lay , Hawkins, Bybee